[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action is a petition for dissolution of marriage based on irretrievable breakdown.
The court finds the following facts. The parties intermarried CT Page 2637 at Salisbury, Connecticut on the May 28, 1998. Subsequent to the marriage the parties both were employed, the defendant as a life insurance salesman for Northwestern Mutual, and the plaintiff as a teller and then branch manager in a bank. The parties purchased a condominium together and continued with their professional endeavors. At some point, the defendant became an independent insurance sales agent working exclusively on commission.
In May of 1990, the parties had a child born to them. The plaintiff remained at home to raise that child and decided to run a home day care while she was home with Michael, Jr.
In addition during the period 1990 through 1992, the defendant's income declined and the parties would depend more and more on the earnings from the day care. The parties relied on Mr. D'Apice to assist with the day-to-day operation of the day care center in order to meet the regulatory requirement of sufficient adult-to-child ratio when additional children were added to the program. The number of children in the day care program increased and this resulted in a situation where, if the day care were to continue it would have to be relocated.
The result of the increased participation by Mr. D'Apice in the child care activity was a continuing diminution of the efforts made on behalf of his insurance sales and decline in his business income. As the insurance sales income declined, financial pressures increased within the family to meet expenses and the parties increasingly relied on credit card debt to meet expenses.
Although Mr. D'Apice increasingly worked in the child care enterprise, his efforts did not generate additional income to the child care business.
As the parties continued to depend on the day care operation, the defendant increasingly began to stay with day care activities neglecting the insurance sales activities. The economic decline in early 1990 did not enhance direct sales insurance solicitation and Mr. D'Apice's contribution to the total family income continued to decline. The parties began to rely increasingly on gifts from family members to make ends meet. In 1994 Mr. D'Apice's gross earnings had dropped to approximately $13,500 and remained at that level for the following two years.
As the financial stress continued, the parties would argue CT Page 2638 creating additional pressures on the marriage. In 1995 the parties quarreled over the defendant soliciting insurance sales especially when the defendant would be visiting potential clients who were female and the appointments had to be scheduled in the evening hours. The result was that the number of leads that could yield insurance sales were substantially reduced.
At the same time it was made clear to the parties that the condominium was unsuitable for continued child care activity and the parties elected to purchase property in Canton to continue an expanded day care. The purchase was made in 1996. Nanette D'Apice paid the major portion of the down payment from her savings, trust funds, or family savings. Mr. D'Apice in the meantime rented the condominium and relied on the rental income to meet the expenses relative to the condominium.
The arguments with the parties increased and marriage counseling did not lead to any positive resolution of the income/activity issues and the plaintiff elected to file for a dissolution of marriage.
The court is required to consider the statutory criteria in determining child custody, support, alimony and division of the marital property.[1] On the basis of that review, the court hereby enters the following orders.
1. The parties' marriage is dissolved on the grounds of irretrievable breakdown, there being no prospect for reconciliation.
2. The parties shall share joint legal custody of their minor child Michael, with the child to reside primarily with the plaintiff wife who shall have physical custody of the child.
3. The defendant shall pay the sum of $122.00 per week in accordance with the child support guidelines.
4. Plaintiff and defendant shall share equally the cost to provide full medical, hospitalization, and dental insurance for the benefit of the minor child. The parties will divide equally any unreimbursed medical expense. The parties shall cooperate in furnishing, executing, and supplying necessary claims forms to invoke such coverage.
5. The defendant shall retain title to his Northwestern Mutual CT Page 2639 Life insurance policy, including cash value thereof, and shall maintain said policy with the child as primary beneficiary until the child reaches the age of 21 years. Defendant shall periodically provide evidence of compliance upon request of plaintiff or her attorney.
6. The defendant shall quit claim to the plaintiff all his right, title and interest in and to the real property with all improvements thereon located on 10 Country Lane, Canton, Connecticut. The plaintiff wife shall hold the defendant husband harmless from any claim thereon.
7. The plaintiff shall quit claim to the defendant all her right title and interest in and to the condominium at 33 Robin Brook Drive, Newington, Connecticut. The defendant husband shall hold the plaintiff wife harmless from any claims thereon including any arrearage for association fees due and owing thereon.
8. Defendant husband shall retain the 1986 Mercury Cougar. Plaintiff wife shall retain the 1991 Dodge Caravan. Each shall sign and deliver all documents to accomplish the above.
9. The parties shall share the outstanding debt which accrued during the marriage for the support and maintenance of the family and payment of household expenses as follows:
Plaintiff:
Capital 1, present balance $8,510;
Bank One, present balance $4,879;
Federal income taxes 1995 $3,630;
Defendant:
Nations Bank, present balance $7,520;
People's Bank, present balance $9,767
No further charges shall be incurred by either party against any of these credit cards. Any funds received by the parties as a result of the landlord/tenant lawsuit concerning a security deposit and interest paid by the parties in the approximate amount of $2,176.00 shall be applied to the joint 1995 federal CT Page 2640 income tax obligation in excess of the $3,630 ordered paid by the plaintiff. The balance to be shared equally between the parties.
In the event that either of the parties fails to pay the debts required to be paid by them, as set forth above, the non-defaulting party shall be entitled to recover. Any monies paid by them and reasonable costs of collection, including reasonable attorney's fees, from the defaulting party.
10. The defendant shall pay to the plaintiff alimony in the amount of $89.00 per week for two (2) years or until her death, remarriage or cohabitation. This award of alimony shall be non-modifiable as to term or amount.
11. The court further orders that in addition to the alimony set forth in ¶ 10 above that each party shall pay to the other $1.00 per year periodic alimony for debt indemnification purposes, in the event that the plaintiff or defendant do not pay off the credit cards or other debts set forth in ¶ 9 above, this alimony shall be modifiable only to enforce the debt indemnification orders discussed above.
12. A reciprocal indemnification shall enter as to each party to hold harmless the other party from any and all debt incurred by him or her prior to the date of the decree of dissolution not otherwise dealt with herein whether or not they are shown on the parties' affidavits.
13. Each party shall pay their own counsel fees.
14. Each party shall keep their own bank accounts and other assets shown on their affidavit, not specifically dealt with herein.
15. If the parties have not divided all furniture, furnishings and personal property, the parties must first engage private mediation at their own expense in the relation to division of personal property before filing any motions with the court to resolve such matters.
KOCAY, J.